NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COMMUNITIES FOR A BETTER ENVIRONMENT; CALIFORNIA COMMUNITIES AGAINST TOXICS, <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; JARED BLUMENFELD; GINA MCCARTHY, Administrator, U.S. Environmental Protection Agency, <br><br> Respondents, <br><br> THE SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT; CPV SENTINEL, LLC, <br><br> Respondents - Intervenors. | No. 13-70167 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
United States Environmental Protection Agency

Argued and Submitted October 22, 2014
Pasadena, California

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    **THOMAS**, Chief Judge, **KOZINSKI** and **GOULD**, Circuit Judges.

**1.** EPA reasonably determined that the District was not obligated to track the credits transferred to the Sentinel project using Rule 1315 of Regulation XIII. Rule 1315 is merely one way in which the District chooses to demonstrate compliance with the Clean Air Act's requirements that emission credits be quantifiable and surplus.  See 42 U.S.C. § 7503(c); 40 C.F.R. § 51.165(a)(3)(ii)(C)(1)(I).  The District is free to use another method of showing compliance with those requirements if that other method is written into an amended State Implementation Plan (SIP), as was the case here.  See Natural Res. Def. Council, Inc. v. S. Coast Air Quality Mgmt. Dist., 651 F.3d 1066, 1073 (9th Cir. 2011).

**2.** EPA was neither arbitrary nor capricious in determining that the credits transferred to Sentinel were quantifiable and surplus.

First, contrary to petitioners' assertion, EPA did not extrapolate emission savings from shut down sources based on the emission limits those sources were permitted to have, but instead relied on the amount they were actually emitting. Nor was it arbitrary or capricious for EPA to accept credits from sources for which

only one year of data was available. EPA's conservative estimates provided an adequate margin of error to ensure statutory requirements were met.

Second, in determining whether the transferred credits were surplus, EPA reasonably applied only the discounting effects of those regulations enacted between the time of a source's shutdown and the time of transfer, rather than discounting by all the regulations that came into effect from the time of the source's initial permitting. Regulations that came into effect between the time of permitting and the time of shutdown were already factored into each source's emission output at the time of shutdown, because a source is assumed to be in compliance with applicable regulations when it closes. Requirements that wouldn't have affected a source had it not shut down do not need to be discounted. See 42 U.S.C. § 7503(c)(2).

Finally, it was reasonable for EPA to assess the surplusage and quantifiability of only those credits actually used on the Sentinel project. There is no mechanism in the SIP for credits to be transferred from the AB1318 Tracking System to a project other than Sentinel. Hence, even if any excess credits were not technically "retired," they cannot be used to warrant new emissions until the SIP is amended to allow for that possibility. EPA need not validate those excess credits until such a transfer is contemplated.

**PETITION DENIED.**